# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VALLEY DIAGNOSTIC CLINIC, P. A.<br><br>Plaintiff<br><br>vs.<br><br><br>AMERICAN STANDARD, INC.<br><br>Defendant | § § § § § § § § § § § § § | B-03-0481<br><br>United States District Court<br>Southern District of Texas<br>FILED<br><br>MAR 0 4 2003<br><br>Michael N. Milby<br>Clerk of Court |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES VALLEY DIAGNOSTIC CLINIC, P.A., hereafter identified as "Plaintiff," to file this Original Complaint, complaining of AMERICAN STANDARD, INC., hereinafter identified as "Defendant," and for cause of action would respectfully show unto the Court as follows:

### I.
### PARTIES

1. Plaintiff is a Professional Association duly organized under the laws of the State of Texas, located in Cameron County, Texas.

2. Defendant is a Delaware corporation duly formed and existing under the laws of the state of Delaware and licensed to do business in the state of Texas, having its principal place of business at 1 Centennial Avenue, Piscataway, New Jersey. Defendant can be served with

1

process through its Registered Agent for Service: CT Corp System, 350 N. St. Paul Street, Dallas, Texas 75201.

## II.
## JURISDICTION

3.　The jurisdiction of this Court is invoked pursuant to the 28 U.S.C. §1332 as diversity exists between the parties and the amount in controversy exceeds $75,000.00.

## III.
## VENUE

4.　Plaintiff has its principal place of business in Cameron County, Texas.

5.　A substantial part of the events and omissions giving rise to the Plaintiff's claims arose in the City of Harlingen, Cameron County, Texas.

6.　Pursuant to 28 U.S.C. §1391, venue is proper in the Brownsville Division of the Southern District of Texas.

## IV.
## OPERATIVE FACTS

7.　On March 4, 2001, Plaintiff's offices, medical equipment and office equipment sustained significant water damage caused by the malfunction and overflow of Plaintiff's upstairs toilet. This toilet was manufactured by Defendant, American Standard. As a result of this malfunction, Plaintiff suffered substantial damage to parts of its building housing its Cardiology and Radiology Departments, its business personal property, valuable papers, x-ray films and records. In addition, Plaintiff was unable to operate its Radiology Department for nearly 12 months. Consequently, Plaintiff suffered significant business interruption losses. In addition, in an effort to mitigate its damages, Plaintiff has leased portable diagnostic equipment incurring extra expenses which are covered losses under the policy. Plaintiff has also incurred other extra

expenses.

## V.
## CAUSES OF ACTION

**NEGLIGENCE**

8. For each and every of the following allegations, Plaintiff hereby incorporates all facts presented in Paragraph IV of this Original Complaint, as well as any additional facts which may be presented in any paragraph hereinunder.

9. At all times material hereto, Defendant owed a duty to Plaintiff to exercise reasonable care in the design, engineering, manufacture, construction, and/or assembly of the toilet at issue in this action, and by failing to act reasonably prudent under the circumstances. Defendant's negligent acts include:

(a) Supplying the defective toilet, which Defendant knew or should have known subjected the property of Plaintiff to an unreasonable risk of harm;

(b) Supplying the toilet, which was defective and unreasonably dangerous to person and other property;

(c) Failing to warn of the defective condition, which it knew or should have known created an unreasonable risk of harm to the property of Plaintiff;

(d) Failing to adequately inspect and test the toilet in a way that would have revealed the existence of the dangerous conditions that resulted in the toilet's failure;

(e) Failing to manufacture and/or assemble the toilet properly and correctly;

(f) Failing to manufacture and/or assemble the toilet in a good and workmanlike fashion;

(g) Continuing to manufacture, assemble and or sell such toilets when Defendant knew or should have known of the dangerous characteristics of said toilet;

(h) Using improper parts, components and /or materials in the construction and manufacture of the toilet;

(i) Failing to adequately, properly and/or safely instruct and/or train its employees, agents and/or others as to the proper manufacture, assembly inspection and/or testing with regard to the toilet;

(j) Failing to provide, establish and/or follow proper and adequate procedures as to ensure the safety and integrity of the toilet;

(k) Failing to manufacture, assemble, inspect and/or test the toilet in conformity with the prevailing industry and/or governmental specifications and standards;

(l) Failing to adequately and properly supervise its employees and/or agents in the manufacture, assembly, inspection, testing, operation and/or maintenance of the toilet;

(m) Otherwise failing to use reasonable care under the circumstances.

10. Each of the above-referenced acts and omissions, singly or in combination with others, constituted negligence, which proximately the damages suffered by Plaintiff in excess of the minimum jurisdictional limits of this Court.

**STRICT LIABILITY**

11. For each and every of the following allegations, Plaintiff hereby incorporates all facts presented in Paragraph IV of this Original Complaint, as well as any additional facts which may be presented in any paragraph hereinunder.

12. Prior to the date of the incident at issue in this lawsuit, Defendant designed,

manufactured, assembled, inspected, tested, sold and/or distributed the toilet at issue and introduced it into the stream of commerce, in a manner so as to render it defective, unsafe, and/or unreasonably dangerous. The defective condition of the toilet caused the incident and Plaintiff's damages. At the time of the incident, the toilet was being used in a manner for which it was designed, manufactured, assembled and sold.

13. As delineated in more detail above and herein, Defendant's manufacture, assembly, inspection testing, sale and/or distribution of the toilet caused defective, unsafe, and unreasonably dangerous conditions, which were the producing and proximate cause of the damages sustained by Plaintiff in excess of the minimum jurisdictional limits of this Court.

**BREACH OF IMPLIED WARRANTIES**

14. For each and every of the following allegations, Plaintiff hereby incorporates all facts presented in Paragraph IV of this Original Complaint, as well as any additional facts which may be presented in any paragraph hereinunder.

15. At all times material herein, Defendant impliedly warranted that, among other things, it manufactured, assembled, inspected, sold and/or distributed the toilet and/or its parts or components in a good and workmanlike manner, that the toilet was of merchantable quality and/or that the toilet was fit for ordinary use and/or for the particular use for which it was purchased. Defendant breached this warranty by, among other things:

(a) Failing to manufacture, assemble, inspect, test, supply, distribute and/or sell the toilet in a good and workmanlike manner; and

(b) Supplying Plaintiff with the toilet, which was not merchantable or fit for its ordinary use.

16. Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of the aforesaid implied warranties and, as a direct and proximate result, caused the incident and damages at issue, in excess of the minimum jurisdictional limits of this Court.

## VI.
## DAMAGES

17. As a result of the causes of action set out above, Plaintiff has suffered substantial damage to parts of its building housing its Cardiology and Radiology Departments, its business personal property, valuable papers, x-ray films and records. In addition, Plaintiff was unable to operate its Radiology Department for nearly 12 months. Consequently, Plaintiff suffered significant business interruption losses. In addition, in an effort to mitigate its damages, Plaintiff has leased portable diagnostic equipment incurring extra expenses which are covered losses under the policy. Plaintiff has also incurred other extra expenses.

## VII
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and served upon Defendant in the form and manner prescribed by law, requiring Defendant to appear and answer herein, and that, upon final hearing hereon, Plaintiffs have

1. Judgment against Defendant, for actual damages;
2. Pre-judgment interest, at the legal rate;
3. Post-judgment interest, at the legal rate;
4. Costs of Court;
5. Costs of Suit; and

6.  All such other and further relief to which Plaintiff may be justly entitled.

                            Respectfully submitted,

                            GARY, THOMASSON, HALL & MARKS
                            Professional Corporation
                            Attorneys for Valley Diagnostic Clinic, P.A.
                            P. O. Box 2888
                            Corpus Christi, Texas 78403
                            (361) 884-1961  FAX (361) 889-5100

                            By: _____
                            Gordon D. Laws
                            State Bar No. 12057650
                            Federal Bar No. 12417